UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE SUBPOENA DUCES TECUM ISSUED TO POSTLETHWAITE & NETTERVILLE (APAC) IN THE MATTER OF <u>WIENER WEISS & MADISON, A PROFESSIONAL CORPORATION, AND KANTROW, SPAHT, WEAVER & BLIZTER (A PROFESSIONAL LAW CORPORATION) V. LESLIE B. FOX</u>, CIVIL ACTION NO. 16-850, UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA, SHREVEPORT DIVISION. | CIVIL ACTION NO.: <br><br> JUDGE: <br><br> MAGISTRATE JUDGE: |

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH THE THIRD-PARTY SUBPOENA DUCES TECUM DIRECTED TO POSTLETHWAITE & NETTERVILLE (APAC)**

MAY IT PLEASE THE COURT:

**I.  INTRODUCTION**

Postlethwaite & Netterville (APAC)("Postlethwaite") is an accounting firm headquartered in Baton Rouge, Louisiana.  Prior to the commencement of the Pending Action, plaintiffs Wiener, Weiss & Madison, A Professional Corporation, and Kantrow, Spaht, Weaver & Blitzer (A Professional Law Corporation)(the "Firms"), on their own behalf, retained and consulted with Postlethwaite, concerning possible tax implications in contemplation of implementing the Firms' contingency fee agreement with Leslie B. Fox ("Fox") that is the subject matter of the Pending Action.  On September 22, 2016, counsel for Fox in the Pending Action issued a subpoena duces tecum, commanding Postlethwaite to appear and produce certain documents at 1:00 p.m. on October 21,

2016, at the law firm of Kelly, Hart & Pitre, 301 Main Street, Suite 1600, Baton Rouge, LA 70801 (the "Postlethwaite Subpoena").  Fox purportedly served the Postlethwaite Subpoena on Postlethwaite on September 27, 2016.

While Postlethwaite has timely served objections to the Postlethwaite Subpoena on Fox's counsel pursuant Federal Rule of Civil Procedure 45(d)(2)(B), out of an abundance of caution, the Firms move the court, pursuant to Federal Rule of Civil Procedure 45(d)(3), to quash the Postlethwaite Subpoena for the following reasons.  *First*, in issuing the Postlethwaite Subpoena, Fox failed to comply with the requirements of Louisiana Code of Evidence article 517, which prohibits the issuance of a subpoena to an accountant without a prior contradictory hearing.  *Second*, the Postlethwaite Subpoena seeks information and documents that are privileged under Louisiana Code of Evidence article 515, which protects the confidential communications between a client and its accountant from discovery.  Both state law evidentiary privileges are made applicable in this diversity action pursuant to Federal Rule of Evidence 501 and Miller v. Transamerican Press, Inc., 621 F.2d 721 (5th Cir. 1980).  Based on the foregoing, the court should quash the Postlethwaite Subpoena.

## II.  BACKGROUND

The Pending Action was brought by the Firms against their former client, Fox, for breach of a contingency fee agreement arising out of the Firms representation of Fox's interest over a seven-year period in two related bankruptcy proceedings, viz., In re Harold L. Rosbottom, Jr., No. 09-11674, United States Bankruptcy Court for the Western District of Louisiana, Shreveport Division, and In re Caddo-Bossier Gaming Company, LLC, No.

09-11673, United States Bankruptcy Court for the Western District of Louisiana, Shreveport Division (the "Bankruptcy Proceedings"). See Exhibit A (Unsworn Declaration of David S. Rubin) at ¶ 3. The Firms, on their own behalf, retained Postlethwaite to advise the Firms with respect to possible tax implications in contemplation of implementing the Firm's contingency fee agreement with Fox. Id. at ¶ 4. Postlethwaite billed the Firms for its work, and the Firms paid for Postlethwaite's services with the Firms' own money. Id. at ¶ 5. The Firms' engagement of Postlethwaite was wholly separate and apart from the Firms' prior representation of Fox in the bankruptcy proceedings, and Fox was not charged or billed for Postlethwaite's services to the Firms. Id. at ¶ 6.

In the Pending Action, Fox is seeking to discover the confidential communications between the Firms and the Firms' accountant, Postlethwaite, through the issuance of the Postlethwaite Subpoena. The Postlethwaite Subpoena requests that Postlethwaite "[p]roduce all documents and communications exchanged between [Postlethwaite] and Kantrow, Spaht from June 1, 2009 to the Present" and to "[p]roduce all documents and communications exchanged between [Postlethwaite] and Wiener, Weiss from June 1, 2009 to the Present." See Exhibit B at 6. Specifically, the Postlethwaite Subpoena requests all documents and communications exchanged between the Firms and Postlethwaite related to (i) Fox; (ii) the Bankruptcy Proceedings; (iii) the April 29, 2010 contingency fee agreement between the Firms and Fox; (iv) the July 28, 2013 contingency fee agreement between the Firms and Fox; (v) any effort by the Firms to implement the April 29, 2010 contingency fee between the Firms and Fox; (vi) any effort by the Firms to implement the July 28, 2013 contingency fee agreement between the Firms and Fox; and/or (vii) the Agreement to Implement Contingency Fee Agreement that

the Firms proposed to Fox in or around January 2016.  <u>Id.</u> at 9.  Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), Postlethwaite has objected to the subpoena, asserting the accountant-client privilege.  For the reasons set forth below, the court should quash the Postlethwaite Subpoena.

### III.  LAW & ANALYSIS

A.   **In This Diversity Action, Louisiana's Evidentiary Privileges Apply.**

Federal Rule of Evidence 501 requires federal courts sitting in diversity to apply the privilege rules of the forum state.  Therefore, in a diversity action, a federal court must enforce the forum state's evidentiary privilege regardless of whether the Federal Rules of Evidence or federal common provide for such a privilege.  <u>See</u>, <u>e.g.</u>, <u>Miller v. Transamerican Press, Inc.</u>, 621 F.2d 721, 724 (5th Cir. 1980)("Under [Federal Rule of Evidence 501], the availability of a privilege in a diversity case is governed by the law of the forum state").  Here, since the court's jurisdiction in the Pending Action is based on the parties' diversity of citizenship, the court must apply Louisiana's evidentiary privileges, including those afforded accountant-client communications under Louisiana Code of Evidence articles 515 and 517.

B.   **In Issuing the Postlethwaite Subpoena, Fox Failed to Comply with the Requirements of Louisiana Code of Evidence Article 517.**

Louisiana Code of Evidence article 517 sets forth certain limitations and procedural safeguards that must be followed prior to the issuance of a subpoena to an accountant. Article 517(A) provides:

> Neither a subpoena nor a court order shall be issued

- 4 -

>to an accountant or his representative to appear or testify in any civil or juvenile proceeding, including pretrial discovery, . . . where the purpose of the subpoena or order is to ask the accountant or his representative to reveal information about a client or former client obtained in the course of representing the client **unless the court determines, after a contradictory hearing** held after service of actual notice to the accountant and the client at least ten days prior to the contradictory hearing, that the information sought is not protected from disclosure by any applicable privilege or work product rule and all of the following apply:
>
>> (1) The information sought is essential to the successful completion of an ongoing investigation, is essential to the case of the party seeking the information, and is not merely peripheral, cumulative, or speculative.
>>
>> (2) The purpose of seeking the information is not to harass the accountant or his client.
>>
>> (3) With respect to a subpoena, the subpoena lists the information sought with particularity, is reasonably limited as to subject matter and period of time, and gives timely notice.
>>
>> (4) There is no practicable alternative means of obtaining the information.

La. Code of Evid. art. 517(A)(emphasis added). The Postlethwaite Subpoena requires that Postlethwaite disclose information and communications obtained in the course of representing its clients, the Firms. See Exhibit B at 9. However, in contravention of Article 517, no contradictory hearing has been held and the court has not made the determination (i) that the information sought is not protected from disclosure by any applicable privilege or work product rule and (ii) that each of the foregoing requirements applies. Accordingly, the Postlethwaite Subpoena is procedurally deficient, unenforceable, and should be quashed.

**C.     The Postlethwaite Subpoena Seeks Information and Documents That Are Privileged Under Louisiana Code of Evidence Article 515.**

In addition, the Postlethwaite Subpoena should be quashed on the grounds that it requests the production of information and documents which are privileged under Louisiana Code of Evidence article 515.  Article 515, entitled "Accountant-client privilege," provides in pertinent part:

> A client has a privilege to refuse to disclose, and to prevent another person from disclosing, a confidential communication, whether oral, written, or otherwise, made for the purpose of facilitating the rendition of professional accounting services to the client, as well as the perceptions, observations, and the like, of the mental, emotional, or physical condition of the client in connection with such a communication.

La. Code Evid. art. 515(B).  See also La. R.S. 37:86 (providing that a licensed accountant or employee of a licensed accountant may not be required to "disclose or divulge" communications or documents made in connection with "the rendition of tax services or to examine, audit, or report on any books, records, or accounts").  The evidentiary privileges set forth in Article 515 and La. R.S. 37:86 may be asserted by either the client or the client's accountant.  See La. Code Evid. art. 515(D).

Here, the information sought by the Postlethwaite Subpoena is protected by the accountant-client privilege.  The Firms, on their own behalf and not on behalf of Fox, retained Postlethwaite for the purpose of facilitating the rendition of professional accounting/tax services to the Firms.  See Exhibit A at ¶ 4.  The Firms themselves paid Postlethwaite's fees without billing Fox or seeking any reimbursement from Fox.  Id. at ¶ 5.  The Postlethwaite Subpoena requires Postlethwaite to disclose confidential communications and documents exchanged by the Firms with Postlethwaite during the

course of their accountant-client relationship.  <u>See</u> Exhibit C (privilege log).  Pursuant to Louisiana Code of Evidence article 515 and La. R.S. 37:86, the Firms hereby object to these disclosures as privileged and seek an order to quash the Postlethwaite Subpoena.

### IV.  CONCLUSION

Based on the foregoing reasons, the court should quash the Postlethwaite Subpoena.

> COOK, YANCEY, KING & GALLOWAY
> A Professional Law Corporation
>
>
> By:   s/ Herschel E. Richard, Jr.
>       Herschel E. Richard, Jr. #11229
>       John T. Kalmbach #24484
>
> 333 Texas Street, Suite 1700
> P. O. Box 22260
> Shreveport, LA 71120-2260
> Telephone:  (318) 221-6277
> Facsimile:   (318) 227-7850
> herschel.richard@cookyancey.com
> john.kalmbach@cookyancey.com
>
> ATTORNEYS FOR WIENER,
> WEISS & MADISON, A
> PROFESSIONAL LAW
> CORPORATION, AND
> KANTROW, SPAHT, WEAVER
> & BLITZER (A PROFESSIONAL
> LAW CORPORATION)

**<u>CERTIFICATE</u>**

I HEREBY CERTIFY that a copy of the above and foregoing was filed with the United States District Court for the Middle District of Louisiana by electronic case filing/case management and that a copy of the same was served on opposing counsel by either electronic notification or by U.S. mail, postage pre-paid.

Shreveport, Louisiana, this 13th day of October, 2016.

s/ Herschel E. Richard, Jr.<br>
OF COUNSEL